I agree that Defendant's conviction for first degree murder is due to be affirmed. The intentional killing element of the capital offense for which Defendant was indicted and tried was fully supported by the evidence; thus, the State's right to retry Defendant on the reindicted charge of first degree murder is not impugned.
I also agree that Defendant's conviction for grand larceny is due to be reversed and judgment thereon rendered. But I do not agree that this result obtains because the trial court, upon Defendant's second trial, failed to instruct the jury on grand larceny as a lesser-included offense of robbery. The Court's opinion creates the anomaly of forcing a defendant to make himself subject to retrial if he requests a lesser-included offense in those cases in which he challenges the sufficiency of the evidence with respect to the higher offense. Furthermore, the opinion's reference to the State's burden to request the lesser-included offense charge is not realistic. Stated bluntly, I have never heard of it. I would reaffirmColeman, rather than overrule it. Coleman v. State,373 So.2d 1254 (Ala.Crim.App. 1979).